UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Jesse France Brown,<br><br>Defendant. | Case No. 24-cr-220 (DWF/TNL)<br><br><br>**ORDER** |

David M. Classen, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415 (for the Government); and

Matthew Deates, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, Minnesota 55415 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)G), ECF No. 20;

2. Defendant's Pretrial Motion for Disclosure of 404 Evidence, ECF No. 21;

3. Defendant's Motion for Government Agents to Retain Rough Notes and Evidence, ECF No. 22

4. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 23; and

5. Defendant's Pretrial Motion to Disclose and Make Informant Available for Interview, ECF No. 25;

A hearing was held on October 4, 2024. ECF No. 28. Assistant United States Attorney David M. Classen appeared on behalf of the United States of America. Assistant

1

Federal Defender Matthew Deates appeared on behalf of Defendant.

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 20, is **GRANTED**.

Defendant seeks for the Government to provide, no less than 28 days before trial, a written summary of the expert testimony the Government intends to use during trial under Fed. R. Crim. P. 16(a)(1)(G). ECF No. 20 at 1. In response, the government requests that the expert disclosures be made no later than 14 days before trial. ECF No. 27 at 4. The Court has already ordered expert disclosures be made 28 days before trial and rebuttal expert disclosures be made 14 days before trial. Arraignment Order at 2, ECF No. 15. At the motions hearing, the parties agreed to make disclosures no later than 28 days prior to trial.

Based on the parties' representations at the motions hearing, and consistent with this Court's prior Order, the parties shall exchange summaries of anticipated expert testimony under Rule 16(a)(1)(G) as soon as practicable after they become aware of the expert, and, in any event, no later than 28 days before trial. *See also id.* No later than 14 days prior to trial, the parties shall exchange rebuttal expert disclosures. *Id.* Accordingly, The Court grants Defendant's motion.

2. Defendant's Pretrial Motion for Disclosure of 404 Evidence, ECF No. 21, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests disclosure of Rule 404(b) evidence no later than 21 days before

trial. ECF No. 21 at 1. In response, the Government agrees to disclose such evidence 21 days before trial, but requests that the Court order disclosure of only that which is required under Rule 404(b). ECF No. 27 at 5.

Federal Rule of Evidence 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (stating that a prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (stating that the notice must be in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes to 1991

Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (stating that Rule 16 does not authorize the discovery of statements made by prospective government witnesses); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

The Court grants the motion in part as follows. The Court finds the parties' 21-day proposal reasonable. As such, no later than 21 days prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), articulating "the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C). To the extent Defendant seeks discovery and disclosures outside the Government's obligations under Rule 404(b), such request is denied.

3. Defendant's Motion for Government Agents to Retain Rough Notes and Evidence, ECF No. 22, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests an order directing that all law enforcement agents, including any confidential reliable informants, retain and preserve all rough notes taken as part of their investigation. ECF No. 22 at 1. The Government does not object to the retention of rough notes and does not oppose Defendant's motion. ECF 27 at 5. The Government does, however, object to the disclosure of rough notes, as rough notes are not considered

4

statements. *Id.* at 5–6.

Defendant's request for the retention of rough notes is granted in part. If it has not yet done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter. To the extent that Defendant seeks disclosure of rough notes by arguing that rough notes are considered statements, *see* ECF No. 22 at 1, such a request is denied. Law enforcement's rough notes are not considered Jencks Act materials. *See United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994) (finding that an agent's rough notes memorializing a witness's statements are not Jencks Act material).

4.  Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 23, is **GRANTED IN PART** and **DENIED IN PART**.

Under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, Defendant requests that the Government disclose evidence favorable to him, including, among other types of evidence: any statements by witnesses that exculpate the Defendant or contradict other statements from witnesses, prior convictions of government witnesses, and offers made to government witnesses for their testimony. ECF No. 23 at 1–2. The Government responds by stating that it will fully comply with its obligations under *Brady* and *Giglio*, but that it objects to the motion to the extent that Defendant requests material outside the scope of *Brady* and *Giglio*. ECF No. 27 at 6.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United*

5

*States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87). Further, "[t]he [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 (DJS/TCM),

6

2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's request is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny. If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such request is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery.").

5. Defendant's Pretrial Motion to Disclose and Make Informant Available for Interview, ECF No. 25, is **DENIED**.

Defendant requests an order requiring the Government to disclose the identity of any informants and make those informants available for interview. ECF No. 25 at 1. The Government opposes Defendant's request. ECF No. 27 at 7–10.

"In *Roviaro v. United States*, the Supreme Court recognized the government's privilege to withhold the identity of a confidential informant." *United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001) (citing 353 U.S. 53, 59 (1957)). In determining whether disclosure of an informant's identity is required, "the threshold issue is whether the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001).

"Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53

7

F.3d 201, 206 (8th Cir. 1995) (footnote omitted). "In cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); accord *United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant merely conveys information to the government but neither witnesses nor participates in the offense." (quotations omitted)); *Alcantar*, 271 F.3d at 739 (explaining the government had no obligation to reveal informant's identity where informant did not participate in crime charged or testify at trial). Similarly, "the identity of a 'tipster' whose observations formed the basis for a search warrant but who is not a necessary witness to the facts is not subject to compulsion." *United States v. Hollis*, 245 F.3d 671, 674 (8th Cir. 2001). Defendant bears the burden of showing beyond mere speculation that the disclosure of informants and cooperating individuals would be material and helpful to his case. *United States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006); *Alcantar*, 271 F.3d at 739.

In this case, the Government indicates that the informant was not a participant witness and instead qualified as a tipster. ECF No. 27 at 8. In his motion and at the hearing, Defendant offered no additional information to show the confidential informant would be material to the determination of his case. *See Alcantar*, 271 F.3d at 739 ("A defendant must demonstrate the need for disclosure by establishing that the informant's identity is 'relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause.'" (quoting *Roviaro*, 353 U.S. at 60-61)). Although the informant stated that they saw the

8

Defendant in possession of a firearm, thereby witnessing the crime, the informant's observations were only the basis of the search warrant. The Government represents that the only basis of the indictment is the observations and seizures of government agents. ECF No. 27 at 8. And importantly, the Government has represented that it does not intend to call the informant as a witness at trial. *Id.* at 8, 10. As a result, the informant's testimony is not "material to the outcome of the case." *Harrington*, 951 F.2d at 878. Accordingly, Defendant has not met his burden of demonstrating the need for disclosure of the confidential informant and his motion is denied.

6. All prior consistent orders remain in full force and effect.

7. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: December 13, 2024                */s/ Tony N. Leung*
                                        Tony N. Leung
                                        United States Magistrate Judge
                                        District of Minnesota

                                        *United States v. Brown*
                                        Case No. 24-cr-220 (DWF/TNL)