UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 24-220 (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Jesse France Brown, | |
| Defendant. | |

## INTRODUCTION

Defendant Jesse France Brown moves to dismiss the indictment (Doc. No. 24) and suppress evidence obtained as a result of search and seizure (Doc. No. 26). In a Report and Recommendation ("R&R"), Magistrate Judge Tony N. Leung recommended denying Brown's motions. (Doc. No. 32.) Brown objected to the R&R. (Doc. No. 35.) The United States of America opposes his objections. (Doc. No. 36.) After a careful review, the Court adopts the Magistrate Judge's recommendation and denies the motions.

## DISCUSSION

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The relevant factual and procedural background was clearly and precisely set forth in Magistrate Judge Leung's R&R and is incorporated by reference.

I.      **Motion to Dismiss the Indictment**

First, Magistrate Judge Leung concluded that 18 U.S.C. § 922(g)(1) does not violate the Second Amendment of the U.S. Constitution. (Doc. No. 32 at 6.) Therefore, he recommended denying Brown's motion to dismiss. (*Id.* at 14.) Brown objects to this legal conclusion, primarily to preserve the issue for appeal. (Doc. No. 35 at 2.) As Magistrate Judge Leung correctly explained, the Eighth Circuit has foreclosed the argument that § 922(g)(1) violates the Second Amendment. *United States v. Jackson*, 110 F.4th 1120, 1129 (8th Cir. 2024). Accordingly, Brown's motion to dismiss is denied.

II.     **Motion to Suppress**

Second, Magistrate Judge Leung found that both warrants were supported by probable cause and recommended denying Brown's motion to suppress. (Doc. No. 32 at 12-14.) Brown argues that the first warrant was not supported by probable cause because the unnamed informant was not credible and the information provided was not reliable. (Doc. No. 35 at 3-4.) As a result, he argues that the second warrant is invalid because it relied on information gathered using the first warrant, and thus, is fruit of the poisonous tree. (*Id.* at 6.) Brown also objects to the R&R's conclusion that the *Leon* good faith exception applies. (*Id.* at 7.) The Court addresses each warrant in turn.

   A.      **Warrant 1:  The Phone-Tracking Warrant**

When probable cause rests on information from an informant, a court's analysis centers around whether the information is reliable. *United States v. Reed*, 25 F.4th 567, 570 (8th Cir. 2022). "Information may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of supplying

2

reliable information, or if it is corroborated by independent evidence." *United States v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993). Corroboration with independent evidence is less crucial in cases involving informants that are known to law enforcement because "they can be held responsible if the allegations turn out to be fabricated." *United States v. O'Dell*, 766 F.3d 870, 874 (8th Cir. 2014). Thus, in the case of a known informant without a track record of reliability, some independent verification is required but "corroboration of even minor or innocent details may be sufficient to establish probable cause." *Reed*, 25 F.4th at 570; *see also Williams*, 10 F.3d at 593 (holding that if some information from an informant is found to be reliable through corroboration, it is permissible to infer that an informant is reliable on uncorroborated information as well).

      Whether an informant is credible is highly relevant to the probable cause determination, but credibility is not a requirement independent from reliability that is "to be rigidly exacted in every case." *Illinois v. Gates*, 462 U.S. 213, 230 (1983). Instead, reliability of an informant generally is analyzed using a totality-of-the-circumstances approach. *Id.* at 230-31. An informant is generally considered more credible when they make statements against their own penal interest or speak face-to-face with law enforcement. *United States v. Cowling*, 648 F.3d 690, 695 (8th Cir. 2011); *United States v. Tyler*, 238 F.3d 1036, 1039 (8th Cir. 2001). Importantly, "[r]eliance on information from an informant . . . who cooperates to gain leniency or other benefits does not thereby undermine the probable cause determination especially when the information provided by the informant is at least partially corroborated." *United States v. Buchanan*, 167 F.3d 1207, 1210 n.6 (8th Cir. 1999).

Here, the affiant relied on statements from an unnamed informant, who was known to the affiant. The informant spoke to their firsthand knowledge of Brown's possession of two firearms. The informant did not have a track record of reliability but provided various details that the affiant was able to corroborate with independent evidence, including: (1) Brown's girlfriend's statement to law enforcement that Brown possessed a firearm; (2) that Brown regularly stayed with his girlfriend at her residence in Brooklyn Park; (3) Brown's phone number; and (4) that Brown regularly drove his girlfriend's car, a Porsche. The informant did provide information with hopes of receiving leniency, but that fact alone does not suggest that the informant was unreliable or destroy probable cause. Given the totality of the circumstances, this evidence provided a substantial basis for the issuing judge to find probable cause.

Brown relies on *Florida v. J.L.*, 529 U.S. 266 (2000), to argue that the warrant was invalid because while the informant's information was corroborated on the identification details, the affiant was unable to corroborate the informant's claim that Brown engaged in criminal activity. (Doc. No. 35 at 4.) In *Florida v. J.L.*, law enforcement received a tip that a young Black man in a plaid shirt was carrying a gun. 529 U.S. at 268. Without any corroboration of the tip or any independent reason to suspect the boy of criminal activity, police officers arrived at the scene, stopped the boy, and frisked him. *Id.* The Court found that this tip was insufficient to support a finding of reasonable suspicion, explaining that an anonymous tip must "be reliable in its assertion of illegality, not just in its tendency to identify a determinate person." *Id.* at 272. The anonymous caller

4

provided reliable information about the boy's location and appearance, but did not show that they had "knowledge of concealed criminal activity." *Id.*

If the *Florida v. J.L.* rule applied to this case, the Court would need to evaluate whether Brown's girlfriend's statement to the police asserting that Brown possessed a firearm is sufficient to corroborate the informant's assertion of criminal activity. This question could be complicated because the police did not recover a firearm after the incident. However, the Court need not go any further because the Eighth Circuit has limited the *Florida v. J.L.* rule to cases involving anonymous tips. Under Eighth Circuit precedent, anonymous tips require additional independent verification before they can support a finding of probable cause, while corroboration of innocuous details can suffice in cases involving known informants. *O'Dell*, 766 F.3d at 874; *United States v. Robertson*, 39 F.3d 891, 894 (8th Cir. 1994).

Even if the *Florida v. J.L.* rule applied in this case and Brown's girlfriend's statement was not enough to corroborate illegality, the *Leon* good faith exception applies. Magistrate Judge Leung correctly explained the exception and the four exceptions to that exception in the R&R. (*See* Doc. No. 32 at 13-14.) The Court agrees that it was objectively reasonable for the officer to have relied in good faith on this warrant and that none of the four exceptions apply. There was no false statement in the affidavit, there is no evidence that the issuing judge wholly abandoned his role, the affidavit is not so lacking in indicia of probable cause to render belief in its existence unreasonable, and the warrant is not so facially deficient that no officer could reasonably presume it was valid. Therefore, the *Leon* good faith exception applies here.

**B.     Warrant 2:  The Premises Warrant**

Upon concluding that the first warrant is valid, the second warrant cannot be fruit of the poisonous tree.  The Court agrees with Magistrate Judge Leung's recommendation and denies the motion as to the second warrant as well.  Moreover, the Court agrees with Magistrate Judge Leung's conclusion that the good faith exception would also apply to this warrant if probable cause had not existed.

## ORDER

Based upon the Court's careful review of the R&R and the record in this case, **IT IS HEREBY ORDERED** that:

1.     Defendant Jesse France Brown's objections (Doc. No. [35]) to Magistrate Judge Tony N. Leung's December 13, 2024 Report and Recommendation are **OVERRULED**.

2.     Magistrate Judge Tony N. Leung's December 13, 2024 Report and Recommendation (Doc. No. [32]) is **ADOPTED**.

3.     Defendant Jesse France Brown's motion to dismiss the indictment (Doc. No. [24]) is **DENIED**.

4.     Defendant Jesse France Brown's motion to suppress evidence obtained as a result of a search and seizure (Doc. No. [26]) is **DENIED**.

Dated: February 14, 2025                    s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge